**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, et al., | CIVIL ACTION NO. 16-7908 (JLL) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| DARTMOUTH COLLEGE, | |
| Defendant. | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1.      Currently pending before the Court is the motion by the defendant, Dartmouth College (hereinafter, "the College"), to transfer this action to the United States District Court for the District of New Hampshire, among other alternative relief. See 28 U.S.C. § 1404(a) (concerning a change of venue for a federal action). (See ECF No. 19 through ECF No. 19-4; ECF No. 25.) The plaintiffs — Jane Doe (a fictitious designation), and the parents of Jane Doe — oppose the College's motion. (See ECF No. 22 through ECF No. 22-3; ECF No. 24.)

2.      The Court resolves the College's current motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court orders this action to be transferred to United States District Court for the District of New Hampshire.

**3.** The plaintiffs are New Jersey citizens. The College is deemed to be a New Hampshire citizen, and it is located in the area covered by the United States District Court for the District of New Hampshire. (See ECF No. 1 at 3–4; ECF No. 19-1 at 10.)

**4.** The plaintiffs allege that the College is violating federal law and the common law by failing to accommodate Jane Doe's disabilities of achromatopsia and legal blindness while she is taking classes there, even though the College assured the plaintiffs that Jane Doe would be provided with all necessary academic accommodations. Jane Doe remains enrolled at the College, and the plaintiffs allege that the College continues to fail to accommodate her disabilities despite her repeated complaints to administrators at the College. (See ECF No. 1.)

**5.** For instance, the plaintiffs allege that: **(a)** the College did not provide Jane Doe with a map to follow to get to her classes; **(b)** the professors failed to provide her with class materials in a format that she could read; **(c)** certain professors presented lectures using a standard chalkboard, which she could not see; **(d)** a particular professor offered her no help when she tried to use a microscope in a science class; and **(e)** that the College assigned her note-takers who took incomplete notes because they did not understand all of the subject matter of her classes. The plaintiffs allege that Jane Doe has suffered from lackluster academic performance as a result of the College's failure to provide the proper accommodations to her. (See ECF No. 1.)

**6.** It is not necessary for the Court to restate the standard for resolving a motion to transfer a federal action to a different venue pursuant to Section 1404(a),

2

because that standard has been already enunciated and is well-settled. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995) (setting forth the standard and the factors to be considered); see also In re Amendt, 169 Fed.Appx. 93, 96 (3d Cir. 2006) (reiterating the holding in Jumara). However, it should be noted that the Court possesses the broad discretion to transfer an action to a federal district where the action might have been brought. See 28 U.S.C. § 1404(a); see also Jumara, 55 F.3d at 875; id. at 877 n.3; id. at 883.

7.    The Court concludes that it would have been more appropriate for this action to have been brought in the District of New Hampshire, and therefore the Court transfers the action there.

8.    Admittedly, the College mailed a recruitment letter to Jane Doe at her home in New Jersey before she applied, and one former College professor who now lives in New Jersey will be a witness. (See ECF No. 22 at 14, 23.)

9.    Nevertheless, the following factors overwhelmingly weigh in favor of a transfer of this action to New Hampshire: **(a)** the conduct underlying the College's alleged failure to accommodate Jane Doe occurred, and is ongoing, there; **(b)** all discussions with the College concerning its alleged failure to provide accommodations to Jane Doe happened either in New Hampshire, or over the phone with administrators situated in New Hampshire; **(c)** Jane Doe's alleged resulting injury in the form of lackluster academic performance arose there; **(d)** the College is deemed to be a New Hampshire citizen; **(e)** New Hampshire citizens will have an interest in the outcome of

3

this action, because the alleged injury occurred, and continues to occur, there; **(f)** a

District Court sitting in the District of New Hampshire will be more familiar with the

setting of the College; **(g)** the majority of the witnesses in this action work, attend classes,

or live near or within the District of New Hampshire; **(h)** all of the records concerning

Jane Doe's treatment by the College will be found there; and **(i)** a District Court sitting in

the District of New Hampshire can easily apply what should be controlling federal law

and New Hampshire law. See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010)

(denying a petition for a writ of mandamus to compel a Pennsylvania district court to

vacate an order that transferred a case to a Virginia district court, and reasoning that not

all of the defendants resided in Pennsylvania, and that the events at issue arose in

Virginia); Briger v. Loon Mountain Resort, No. 14-5374, 2015 WL 12838315, at *5–8

(D.N.J. May 19, 2015) (transferring an action brought by a New Jersey citizen who

suffered an injury in New Hampshire to the District of New Hampshire); Peller v. Walt

Disney World Co., No. 09-6481, 2010 WL 2179569, at *1–2 (D.N.J. May 28, 2010)

(transferring an action brought by a New Jersey citizen who suffered an injury in Florida

to a Florida district court).

    **10.**    The fact that the plaintiffs are citizens of New Jersey does not outweigh the

aforementioned factors that make New Hampshire the more-appropriate venue for this

action, because New Jersey has little connection with the operative facts at issue here.

See Shubert v. Marriott Int'l, Inc., No. 15-5111, 2016 WL 245252, at *2 (D.N.J. Jan. 21,

2016) (holding in a civil action that "when the dispute central to a lawsuit arose from

events that occurred almost exclusively in another state, as is the case here, courts give substantially less weight to the plaintiff's forum choice"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (holding that "[t]he choice of forum by a plaintiff is simply a preference; it is not a right"); Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (holding that a plaintiff's choice of venue is not "decisive," and that the choice is accorded less deference "when the central facts of a lawsuit occur outside of the chosen forum"). Furthermore, the plaintiffs cannot reasonably argue that New Hampshire is an inconvenient forum, because Jane Doe is still enrolled at the College.

**11.** Furthermore, the convenience of counsel is not a consideration as to the issue of the proper venue for an action. See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**12.** The Court is authorized to address the propriety of transferring this action to another venue, regardless of whether or not the Court possesses personal jurisdiction over the College. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). While "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue," and thus the Court is empowered to transfer this action to the District of New Hampshire now. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this _____26th_____ day of June, 2017, **ORDERED** that the defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Hampshire, among other alternative relief **(ECF No. 19)**, is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED TO THE EXTENT** that the motion concerns the transfer of this action to the United States District Court for the District of New Hampshire, and it is further

**DENIED WITHOUT PREJUDICE TO THE EXTENT** that the motion concerns other alternative relief; and it is further

**ORDERED** that the Clerk of the Court **TRANSFER THIS ACTION** to the United States District Court for the District of New Hampshire; and it is further

**ORDERED** that the Clerk of the Court designate this action, insofar as it exists in the United States District Court for the District of New Jersey, as **CLOSED**.

_____
JOSÉ L. LINARES
Chief Judge, United States District Court

6